NAMAN J. ABOUNADER, Respondent, *v.* STROHMEYER & ARPE COMPANY, Appellant.

Fourth Department, November 26, 1924.

**Sales — action for damages based on seizure of cans of salad oil by Department of Farms and Markets on ground of short weight — oil was put up and labeled by defendant — complaint is insufficient for not alleging shortness in weight.**

The complaint in an action to recover damages based on the seizure of cans of salad oil by the Department of Farms and Markets, on the ground that the cans were short in weight, is insufficient in the absence of a direct allegation that the cans were in fact short in weight and the label thereon false, though it appears that the defendant put up the oil and labeled the cans and that the oil was sold to the plaintiff through a jobber.

APPEAL by the defendant, Strohmeyer & Arpe Company, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of said county on the 30th day of October, 1924, denying the defendant's motion, made under section 476 of the Civil Practice Act, for judgment on the pleadings, consisting of the complaint, plaintiff's bills of particulars and the answer.

*Zabriskie, Sage, Gray & Todd* [*George Gray Zabriskie* of counsel], for the appellant.

*R. S. Johnson,* for the respondent.

PER CURIAM:

The action is for damages alleged to have been sustained by the plaintiff because of the fact that inspectors for the Department of Farms and Markets seized certain cans of salad oil plaintiff was offering for sale, claiming that they were short in weight; and that the Department, through the Attorney-General, had demanded that plaintiff pay penalties for alleged violations of the Farms and Markets Law.

The salad oil in question was put up and labeled by defendant. It was purchased of a jobber by plaintiff. The label contained a statement of the quantity contained in the can.

The plaintiff seems to have assumed that because the inspectors seized the cans alleging that they were being sold in violation of law because of shortness in weight that damages of divers kinds resulted for which defendant is liable. There is no allegation in the complaint that the cans were in fact short in weight and the label false, and there has been no judgment against plaintiff for

a penalty. It appears that the claim against him was in fact withdrawn.

On whatever theory the plaintiff proposes to proceed in his attempt to recover his alleged damages, we think an allegation of actual shortness in weight in the contents of the cans is vital, without which the complaint is defective. No liberality of construction can supply such an omission.

We deem it unnecessary to discuss the other questions raised on this appeal.

The order should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with ten dollars costs, with leave to plaintiff to plead over in twenty days upon payments of costs.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days, upon payment of the costs of the motion and of this appeal.